LAW OFFICE OF M. GREG MULLANAX
M. Greg Mullanax (SBN 155138)
greg@mgmatty.com
2140 N. Winery Ave., Suite 101
Fresno, CA 93703
Telephone:  (559) 420-1222
Facsimile:  (559) 354-0997

Attorneys for Plaintiff
CARLOS MANUEL LERMA

SEYFARTH SHAW LLP
Francis J. Ortman, III (SBN 213202)
fortman@seyfarth.com
Andrea Nicole de Koning (SBN 253715)
adekoning@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
URS FEDERAL SUPPORT SERVICES, INC.

DOWLING, AARON & KEELER, INC.
Mark D. Kruthers (SBN 179750)
mkruthers@daklaw.com
Matthew T. Besmer (SBN 269138)
mbesmer@daklaw.com
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, CA 93729-8902
Telephone:  (559) 432-4500
Facsimile:  (559) 432-4590

Attorneys for Defendant
JON LEE ARENDS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| CARLOS M. LERMA,<br><br>          Plaintiff,<br><br>     v.<br><br>JON LEE ARENDS, an individual, URS FEDERAL SUPPORT SERVICES, INC., a business entity, and DOES 1 through 20, inclusive,<br><br>          Defendant. | Case No. 1:11-cv-00536-LJO-MJS<br><br>**STIPULATION AND ORDER** |

STIPULATION / Case No. 1:11-CV-00536-LJO-MJS

1    Plaintiff Carlos Manuel Lerma ("Lerma") and Defendants Jon Lee Arends ("Arends")
2 and URS Federal Support Services, Inc. ("URS") (collectively, "Defendants") (collectively, "the
3 Parties"), by and through their respective counsel, hereby stipulate as follows:
4    WHEREAS, Defendant URS in this case has continually asserted the attorney-client
5 privilege and the attorney work-product privilege over the investigation report prepared by Sally
6 Aguilar and Dean Widhalm which was designated by URS's Legal Department as "attorney-
7 client privileged." The Parties hereby acknowledge that this report was prepared in-house at
8 URS by non-attorneys and is a summary of witness interviews conducted in connection to Carlos
9 Lerma's complaint of discrimination.   The Parties further jointly acknowledge that although
10 Dean Widhalm and Sally Aguilar may have consulted with the URS Legal Department during
11 the investigation, no privileged communications are included in the investigation report.
12 Therefore, the Parties agree that the investigation report is not privileged.  On the other hand,  the
13 Parties acknowledge that the URS Legal Department was involved in the preparation of the
14 disposition memorandum.  For that reason, the Parties jointly acknowledge that the disposition
15 memorandum is privileged;
16    WHEREAS, Defendant has carefully reviewed the investigation report and disposition
17 memorandum that were prepared to address Plaintiff's complaint of discrimination. Defendant
18 has gone to great lengths to ensure that the report it intends to produce is not-privileged and
19 reflect the totality of the non-privileged documents that were previously withheld out of a
20 concern that the documents were potentially privileged;
21    WHEREAS, Defendant does not wish to risk a waiver of the attorney-client privilege, the
22 attorney work-product privilege or any other legal privilege through their proposed production;
23    WHEREAS, the Parties collectively wish to uphold and promote the principles of the
24 attorney-client and attorney work product privileges;
25    IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their
26 respective undersigned counsel, that Defendant URS shall produce to all other Parties the
27 investigation report that was previously withheld out of a concern they were potentially
28 privileged, concerning Plaintiff's allegations of discrimination.  Defendant URS shall further

1  provide a privilege log the same day that the investigation report is produced which will include
2  the disposition memorandum;
3    IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties,
4  through their respective undersigned counsel, that Defendant URS's production shall not be
5  deemed to have waived of the attorney-client privilege, the attorney work-product privilege or
6  any other legal privilege;
7    IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties,
8  through their respective undersigned counsel, that Plaintiff shall not file any Motion to Compel
9  the production of any further documents concerning any communications with or work product
10 of the URS Legal Department in connection with Carlos Lerma's allegations, nor shall Plaintiff
11 seek any other Order from the Court requiring the production of any privileged communications
12 or work product whatsoever in this case.
13 IT IS SO STIPULATED.

14
15 DATED: <u>February 10</u>, 2012     LAW OFFICE OF M. GREG MULLANAX

16    By: <u>/s/ M. Greg Mullanax</u>
17       M. Greg Mullanax
   Attorneys for Plaintiff
   CARLOS MANUEL LERMA
18

19 DATED: <u>February 10</u>, 2012    SEYFARTH SHAW LLP
20
21    By: <u>/s/ Andre de Koning</u>
      Francis J. Ortman
22       Andrea Nicole de Koning
   Attorneys for Defendant
23    URS FEDERAL SUPPORT SERVICES, INC.

24 DATED: <u>Feb. 10</u>, 2012    DOWLING, AARON & KEELER, INC.
25
26    By: <u>/s/ Mark D. Kruthers</u>
      Mark D. Kruthers
27       Matthew T. Besmer
   Attorneys for Defendant
28    JON LEE ARENDS

# ORDER

GOOD CAUSE APPEARING, the above stipulation **AS MODIFIED BELOW**, is accepted, adopted and made the order of the Court:

Defendant URS shall produce to all other Parties the above-described, previously withheld (based on possible privilege), report of investigation into Plaintiff's allegations of discrimination. Defendant URS shall on the same day produce a privilege log identifying the nature of information deleted from the production and the "disposition memorandum" (which the Court leaves to the parties to identify);

Defendant URS's production of the said investigation report shall not be deemed a waiver of the attorney-client privilege, the attorney work-product privilege or any other legal privilege applicable to it;

Plaintiff shall not file any Motion to Compel the production of any further documents concerning any communications with or work product drafted by the URS Legal Department in connection with Carlos Lerma's allegations, nor shall Plaintiff seek any other Order from the Court requiring the production of any privileged communications or work product whatsoever in this case. (Plaintiff will not however be said to have waived the right to seek the Court's determination as to whether a communication is privileged or not.)

IT IS SO ORDERED.

Dated:   February 10, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE