1  LAW OFFICE OF M. GREG MULLANAX
   M. Greg Mullanax (SBN 155138)
2  greg@mgmatty.com
   2140 N. Winery Ave., Suite 101
3  Fresno, CA 93703
   Telephone:  (559) 420-1222
4  Facsimile:  (559) 354-0997

5  Attorneys for Plaintiff
   CARLOS MANUEL LERMA
6
   SEYFARTH SHAW LLP
7  Francis J. Ortman, III (SBN 213202)
   fortman@seyfarth.com
8  Andrea Nicole de Koning (SBN 253715)
   adekoning@seyfarth.com
9  560 Mission Street, 31st Floor
   San Francisco, California  94105
10 Telephone:  (415) 397-2823
   Facsimile:  (415) 397-8549
11
   Attorneys for Defendant
12 URS FEDERAL SUPPORT SERVICES, INC.

13 DOWLING, AARON & KEELER, INC.
   Mark D. Kruthers (SBN 179750)
14 mkruthers@daklaw.com
   Matthew T. Besmer (SBN 269138)
15 mbesmer@daklaw.com
   8080 North Palm Avenue, Third Floor
16 P.O. Box 28902
   Fresno, CA 93729-8902
17 Telephone:  (559) 432-4500
   Facsimile:  (559) 432-4590
18
   Attorneys for Defendant
19 JON LEE ARENDS

20                UNITED STATES DISTRICT COURT

21              EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| CARLOS M. LERMA, | Case No. 1:11-cv-00536-LJO-MJS |
| Plaintiff, | **STIPULATION AND ORDER** |
| v. | |
| JON LEE ARENDS, an individual, URS FEDERAL SUPPORT SERVICES, INC., a business entity, and DOES 1 through 20, inclusive, | |
| Defendant. | |

STIPULATION /  Case No. 1:11-CV-00536-LJO-MJS

1    Plaintiff Carlos Manuel Lerma ("Lerma") and Defendants Jon Lee Arends ("Arends")
2 and URS Federal Support Services, Inc. ("URS") (collectively, "Defendants") (collectively, "the
3 Parties"), by and through their respective counsel, hereby stipulate as follows:
4    WHEREAS,  Defendant URS in this case has continually asserted the attorney-client
5 privilege and the attorney work-product privilege over the investigation report prepared by Sally
6 Aguilar and Dean Widhalm which was designated by URS's Legal Department as "attorney-
7 client privileged."  The Parties hereby acknowledge that this report was prepared in-house at
8 URS by non-attorneys and is a summary of witness interviews conducted in connection to Carlos
9 Lerma's complaint of discrimination.   The Parties further jointly acknowledge that although
10 Dean Widhalm and Sally Aguilar may have consulted with the URS Legal Department during
11 the investigation, no privileged communications are included in the investigation report.
12 Therefore, the Parties agree that the investigation report is not privileged.  On the other hand, the
13 Parties acknowledge that the URS Legal Department was involved in the preparation of the
14 disposition memorandum.  For that reason, the Parties jointly acknowledge that the disposition
15 memorandum is privileged;
16    WHEREAS, Defendant has carefully reviewed the investigation report and disposition
17 memorandum that were prepared to address Plaintiff's complaint of discrimination. Defendant
18 has gone to great lengths to ensure that the report it intends to produce is not-privileged and
19 reflect the totality of the non-privileged documents that were previously withheld out of a
20 concern that the documents were potentially privileged;
21    WHEREAS, Defendant does not wish to risk a waiver of the attorney-client privilege, the
22 attorney work-product privilege or any other legal privilege through their proposed production;
23    WHEREAS, the Parties collectively wish to uphold and promote the principles of the
24 attorney-client and attorney work product privileges;
25    IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their
26 respective undersigned counsel, that Defendant URS shall produce to all other Parties the
27 investigation report that was previously withheld out of a concern they were potentially
28 privileged, concerning Plaintiff's allegations of discrimination.  Defendant URS shall further

2

STIPULATION /  Case No. 1:11-CV-00536-LJO-MJS

1  provide a privilege log the same day that the investigation report is produced which will include
2  the disposition memorandum;
3      IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties,
4  through their respective undersigned counsel, that Defendant URS's production shall not be
5  deemed to have waived of the attorney-client privilege, the attorney work-product privilege or
6  any other legal privilege;
7      IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties,
8  through their respective undersigned counsel, that Plaintiff shall not file any Motion to Compel
9  the production of any further documents concerning any communications with or work product
10 of the URS Legal Department in connection with Carlos Lerma's allegations, nor shall Plaintiff
11 seek any other Order from the Court requiring the production of any privileged communications
12 or work product whatsoever in this case.
13 IT IS SO STIPULATED.

DATED: February 10, 2012            LAW OFFICE OF M. GREG MULLANAX

                                    By:   /s/ M. Greg Mullanax
                                          M. Greg Mullanax
                                    Attorneys for Plaintiff
                                    CARLOS MANUEL LERMA

DATED: February 10, 2012            SEYFARTH SHAW LLP

                                    By:   /s/ Andre de Koning
                                          Francis J. Ortman
                                          Andrea Nicole de Koning
                                    Attorneys for Defendant
                                    URS FEDERAL SUPPORT SERVICES, INC.

DATED:  Feb. 10 , 2012              DOWLING, AARON & KEELER, INC.

                                    By:   /s/ Mark D. Kruthers
                                          Mark D. Kruthers
                                          Matthew T. Besmer
                                    Attorneys for Defendant
                                    JON LEE ARENDS

# ORDER

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

Defendant URS shall produce to all other Parties the investigation report that was previously withheld out of a concern they were potentially privileged, concerning Plaintiff's allegations of discrimination.  Defendant URS shall further provide a privilege log the same day that the investigation report is produced which will include the disposition memorandum;

Defendant URS's production of its investigation report shall not be deemed a waiver of the attorney-client privilege, the attorney work-product privilege or any other legal privilege;

Plaintiff shall not file any Motion to Compel the production of any further documents concerning any communications with or work product drafted by the URS Legal Department in connection with Carlos Lerma's allegations, nor shall Plaintiff seek any other Order from the Court requiring the production of any privileged communications or work product whatsoever in this case.

IT IS SO ORDERED

March 7, 2012                         /s/ Michael J. Seng
Date                                          U.S. Magistrate Judge